IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **DEMETRIUS JERNIGAN,** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL No: 7:15-CV-0074-WLS-TQL |
| VS. : | |
| : | |
| Warden **MARTY ALLEN,** *et. al.,* : | |
| : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **DEMETRIUS JERNIGAN**, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1)   Along with his Complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for appointment of counsel (Doc. 3).  Having now reviewed Plaintiff's pleadings, the undersigned **DENIES** Plaintiff's Motion for Counsel and **RECOMMENDS** that his Complaint be **DISMISSED without prejudice** for lack of exhaustion. *See* 28 U.S.C. § 1997e; 28 U.S.C § 1915A(b)(1).   Plaintiff will, however, be permitted to proceed *in forma pauperis* for the purpose of dismissal.

   **I.**  **Motion to Proceed** *in forma pauperis*

Plaintiff filed a motion for leave to proceed in this action without prepayment of the required $350.00 filing fee.   Based on Plaintiff's submissions, the undersigned finds that he is presently unable to pre-pay any portion of the filing fee.   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED**.

## II.   Motion for Appointment of Counsel

Plaintiff also requests that counsel be appointed to assist him in prosecuting this case. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Here, Plaintiff has filed a § 1983 *pro se* complaint on a standard form. Plaintiff clearly articulated the basis for his claims, and neither the facts nor the legal issues raised are novel or complex. Furthermore, at this early stage, the Court need only review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and does not require the assistance of an attorney. The undersigned thus finds that Plaintiff has failed to show any "exceptional circumstance" justifying appointment of counsel at this time. His Motion for Appointment of Counsel (Doc. 3) is **DENIED**. .

## III.   Preliminary Review of Plaintiff's Complaint

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is also required to conduct a preliminary screening of his claims. *See* 28 U.S.C. § 1915A(a). When conducting a preliminary review, the district court must accept all factual allegations as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed." *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the

plaintiff, fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1).  "[A] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

The undersigned has now conducted an initial review of the Complaint, as required by § 1915A(a), and it is apparent, even when all facts are viewed in his favor, that Plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the administrative grievance process before filing suit in federal court.  *Id*; *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate.  *See Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Although failure to exhaust is an affirmative defense, dismissal is warranted under the screening process set out in § 1915A(a) when it appears clear "on the face of a complaint" that the plaintiff failed to exhaust all available administrative remedies and thereby cannot state a claim for relief. *Id*; *Cole v. Ellis*, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

In this case, Plaintiff complains of recent events - occurring on February 28, 2015, March 30, 2015, and April 1, 2015 – and he claims to have filed an administrative grievance sometime before the Complaint was signed on April 16, 2015. (Doc. 1 at 3, 5)  The Complaint also plainly states, however, that Plaintiff is still "[]waiting for the grievance procedure to go threw [sic]," and that he has not yet appealed the denial of any grievance because he is still waiting for the initial "steps to take place so [he] can appeal to the highest level." (*Id.* at 3-4)  Plaintiff has thus

3

admitted, on the face of his Complaint, that he is aware of procedures available to him, but did not take the available step of waiting for a response from prison officials before filing suit.   Nor has Plaintiff yet had an opportunity to appeal a denial of relief through all levels of review.

It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice**, pursuant to § 1997e and § 1915A(b)(1), to allow for exhaustion. Once Plaintiff has exhausted his administrative remedies, he may refile his claims in this Court if necessary.

**SO ORDERED AND RECOMMENDED,**   this 12th day of May, 2015.

s/*Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE